SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

LORI JONAS (Bar # 158268)
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-4080

PETER KEISLER
Assistant Attorney General
KEVIN V. RYAN
United States Attorney
R. MICHAEL UNDERHILL (State Bar No. 104986)
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7th Floor Federal Bldg., Room 7-5395
P.O. Box 36028, 450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
Fax: (415) 436-6632
mike.underhill@usdoj.gov

Attorneys for Plaintiff United States

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALL OCEANS TRANSPORTATION, ) <br> INC., ITALIA MARITTIMA S.P.A ) <br> (FORMERLY LLOYD TRIESTINO ) <br> DI NAVIGAZIONE), ) <br> YANG MING MARINE TRANSPORT ) <br> CORPORATION, in personam, ) <br> M/V YM PROSPERITY, in rem, ) <br> ) <br> Defendants. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | CASE NO. C-06-4519-JF-RS <br><br> IN ADMIRALTY <br><br> **UNOPPOSED MOTION** <br> **TO ENTER CONSENT DECREE** <br><br><br> No hearing date |

UNOPPOSED MOTION TO
ENTER CONSENT DECREE
c-06-4519-JF-RS

The United States hereby moves to enter the Consent Decree lodged with this Court on July 25, 2006. Defendants do not oppose this Motion. No hearing is requested or required.

## I. BACKGROUND

On July 25, 2006, the United States filed a Complaint under the National Marine Sanctuaries Act, 16 U.S.C. § 1431 et seq., against All Oceans Transportation, Inc. ("All Oceans"), Italia Marittima S.p.A (formerly Lloyd Triestino Di Navigazione) ("Italia Marittima"), and Yang Ming Marine Transport Corporation ("Yang Ming"), in personam, and the M/V YM PROSPERITY (previously known as the M/V MED TAIPEI) ("the vessel"), in rem, for natural resource damages resulting from the loss of approximately fifteen shipping containers from the vessel in the Monterey Bay National Marine Sanctuary on or about February 26, 2004. Simultaneously, the parties lodged with this Court a Consent Decree, which requires defendants to pay $3,250,000.00 to the United States for disbursement to the National Oceanic and Atmospheric Administration ("NOAA"). Notice of the lodging of the Consent Decree and of a 30-day comment period was published in the Federal Register on August 10, 2006, 71 Fed. Reg. 45848 (Aug. 10, 2006). The United States received no comments on the Decree.

## II. THE CONSENT DECREE IS FAIR AND REASONABLE.

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.' " United States v. Oregon, 913 F.2d 576, 580 (9th Cir.1990) (citation omitted). Approval of a proposed consent decree is committed to the discretion of the district court. See id. The district court should enter the decree if it is fair, reasonable, and equitable, and does not violate the law or public policy. See id; see also Sierra Club v. Elec. Controls Design, Inc., 909 F.2d 1350, 1355 (9th Cir.1990). Because the court's approval "is nothing more than 'an amalgam of delicate balancing, gross approximations, and rough justice,' " however, "[t]he court need only be satisfied that the decree represents a 'reasonable factual and legal determination.' " 913 F.2d at 581 (citations omitted). The court's discretion is to be exercised in light of the strong policy favoring voluntary settlement of litigation. See Ahern v. Cent. Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir.1988) ("Settlement agreements conserve judicial time

UNOPPOSED MOTION TO
ENTER CONSENT DECREE
c-06-4519-JF-RS                                    - 2 -

and limit expensive litigation"). The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by a governmental agency specially equipped, trained, or oriented in the field. See Conservation Law Found. of New England, Inc. v. Franklin, 989 F.2d 54, 58 (1st Cir.1993).

Fairness has procedural and substantive components. United States v. Cannons Eng'g Corp., 899 F.2d 79, 86 (1st Cir. 1990). Procedural fairness relates to the negotiation process, its candor, openness, and bargaining balance. Id. The proposed Consent Decree is procedurally fair because it is the product of arms'-length negotiations, which were conducted with the knowledge and approval of all the parties, and all parties were represented by counsel. Id. at 87.

Substantive fairness relates to "concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." Id. at 87. The Consent Decree is substantively fair because it requires defendants, as the parties responsible for injury to natural resources, to compensate for those injuries by paying $3,250,000 to NOAA. The money received will be used by NOAA to restore degraded resources within the Sanctuary or to restore degraded resources of other national marine sanctuaries. 16 U.S.C. § 1443(d).

Reasonableness and adequacy involve consideration of a number of factors, including the technical adequacy of the compensatory measures; whether the Consent Decree "satisfactorily compensates the public" for the costs of response and restoration measures; and litigation considerations such as the relative strength of the parties' cases. 899 F.2d at 89-90. In this case, NOAA, in its expertise, has determined that it may not be feasible to remove the sunken containers and that a formal assessment of damages is not appropriate. Rather, it has decided that a better use of resources is to accept the monies set forth in the Decree and use them as set forth above, to restore degraded resources within the Sanctuary system. This decision takes into account the very high costs associated with removing the containers from the ocean floor and the risks of proceeding to trial in this case. Because the adequacy of remedies can be an "enormously complex" subject, the court need not assess whether the government made the

UNOPPOSED MOTION TO
ENTER CONSENT DECREE
c-06-4519-JF-RS                                           - 3 -

best possible settlement, and "the agency cannot realistically be held to a standard of mathematical precision. If the figures relied upon derive in a sensible way from a plausible interpretation of the record, the court should normally defer to the agency's expertise." Id. at 90.

### III.  CONCLUSION

The lodged Consent Decree is fair and reasonable.  The public has been afforded an opportunity to comment, and no comments were received.  Pursuant to paragraph 13 of the Consent Decree, the defendants consent to entry of this Consent Decree without further notice. It should be entered by this Court.

Dated: September  14, 2006

    Respectfully submitted,

    SUE ELLEN WOOLDRIDGE
    Assistant Attorney General
    Environment and Natural Resources
     Division
    United States Department of Justice

    /s/ Lori Jonas
    LORI JONAS, Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources
     Division
    United States Department of Justice
    P.O. Box 7611
    Washington, D.C. 20044
    (202) 514-4080

    PETER KEISLER
    Assistant Attorney General
    KEVIN V. RYAN
    United States Attorney

    R. MICHAEL UNDERHILL
    (State Bar No. 104986)
    Attorney in Charge, West Coast Office
    Torts Branch, Civil Division
    U.S. Department of Justice
    7th Floor Federal Bldg., Room 7-5395
    P.O. Box 36028, 450 Golden Gate Avenue

UNOPPOSED MOTION TO
ENTER CONSENT DECREE
c-06-4519-JF-RS                                  - 4 -

| | |
|---|---|
| 1 | San Francisco, California  94102-3463 |
| 2 | Telephone: (415) 436-6648<br>Fax: (415) 436-6632<br>mike.underhill@usdoj.gov |

Of Counsel:
SHARON K. SHUTLER
NOAA Office of General Counsel,
Natural Resources
1315 East-West Highway
Silver Spring, MD 20910-3282

UNOPPOSED MOTION TO
ENTER CONSENT DECREE
c-06-4519-JF-RS                              - 5 -